[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2007
THOMAS K. KAHN
CLERK

No. 07-11318
Non-Argument Calendar

_____

D. C. Docket No. 06-00080-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE LATROY SPRATT,
a.k.a. Deuce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 27, 2007)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Tyrone Spratt appeals his conviction and sentence for conspiracy to possess

with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. He challenges his conviction on two grounds: (1) the evidence was insufficient to establish the charged offense, and (2) the district court erred in refusing to include in its charge to the jury an instruction to the effect that a person who only purchases drugs for personal use does not thereby become a member of a drug trafficking conspiracy. He challenges his sentence on two grounds as well: (1) the court erred in finding the cocaine attributable to him based on a preponderance of the evidence, and (2) his sentence is unreasonable because the court did not limit the cocaine it attributed to the quantity found by the jury. We address these challenges in order.

Spratt contends that the evidence was insufficient to convict because all that it established was that he agreed with individual buyers to engage in isolated buyer-seller transactions and did not reveal a joint objective to distribute cocaine. The evidence showed much more than isolated buyer-seller transactions. Spratt properly concedes that the evidence was that he sold large quantities of drugs over an extended period of time. In addition, in a recorded telephone conversation, he indicated that he split profits from selling drugs with other people and that he and another individual were going to split the profits from selling drugs. This alone was enough to authorize the jury to convict. In sum, the evidence was sufficient to

2

convict.

> A district court's failure to give a requested jury instruction is an abuse of discretion if the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

United States v. Browne, No. 05-11137, manuscript op. at 86 (11th Cir. Oct. 25, 2007) (quotation omitted).  In United States v. Lively, we held that the defendant's requested instruction – that a buyer/seller relationship is insufficient standing alone to establish a conspiracy – was adequately addressed by the court's instruction that, to establish a conspiracy, (1) two or more people must come to a mutual understanding to try to accomplish the unlawful conduct charged in the indictment, (2) the defendant must knowingly and willfully join such a conspiracy, and (3) a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.  803 F.2d 1124, 1128-29 (11th Cir. 1986).

In this case, as in Lively, the court instructed the jury that to establish a conspiracy, (1) two or more people must come to a mutual understanding to try to accomplish the unlawful conduct charged in the indictment, (2) the defendant must knowingly and willfully join such a conspiracy, and (3) that a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some

3

purpose of one, does not thereby become a conspirator. See Lively, 803 F.3d at 1128-29. The court committed no error here, much less an abuse of discretion, because the jury charge "adequately and correctly cover[ed] the substance of the requested instruction." Id. at 1128.

Addressing his sentence, Spratt argues that the court violated his Sixth Amendment right to a jury trial by fashioning a Guidelines sentence based on the drug quantity it found, rather than the drug quantity the jury found. His argument is meritless because the court treated the Guidelines as advisory, rather than mandatory. United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005) (holding that the district court was permitted to find conduct that had been acquitted by the jury when determining the defendant's sentence); see also United States v. Thomas, 446 F.3d 1348, 1355 (11th Cir. 2006) (holding that there is no Fifth Amendment right to have all facts used to enhance a defendant's Guidelines range charged in the indictment).

Having found no constitutional violation, we turn now to the question of whether Spratt's sentence is unreasonable. As prescribed by 18 U.S.C. § 3553(a), among the factors a sentencing court must consider in arriving at a reasonable sentence are (1) the nature and circumstances of the offense; (2) the history and

4

characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the sentencing guidelines range; and (7) the need to avoid unwanted sentencing disparities. In his brief, Spratt appears to be challenging the procedural reasonableness of his sentence because he claims that the court erred by not accounting for the jury's findings as to the quantity of cocaine involved in the offense. The court explicitly took these factors into consideration in fashioning Spratt's sentence. Section § 3553(a) does not require the court to "account" for the jury's findings; thus, his procedural argument fails. His contention that his sentence is substantively unreasonable also fails: nothing in our precedent renders a within-Guidelines sentence unreasonable because the court held the defendant accountable for a greater quantity of drugs than the jury found. In short, in light of the court's proper and explicit consideration of the § 3553(a) sentencing factors, we do not disturb Spratt's sentence.

AFFIRMED.